SADY BUSACCA, an Infant, by GIUSEPPI BUSACCA, Her Guardian ad Litem, Appellant, v. McLOUGHLIN SUPPLY COMPANY, Respondent.

First Department, December 5, 1919.

**Motor vehicles — negligence — injury to pedestrian by automobile — evidence justifying recovery.**

In an action to recover for injuries caused by the defendant's automobile, it appeared that the plaintiff had been prevented from crossing the street by a west-bound surface car which stopped to let off passengers and that after the car had started up and the plaintiff had nearly crossed the

street she was struck by the defendant's automobile which came from the north and swung into the street which the plaintiff was attempting to cross. *Held*, that it was error to set aside the verdict for plaintiff, as on all the evidence the jury were justified in concluding that the chauffeur should have had his car under sufficient control to avoid persons who would naturally cross the street after the surface car had passed.

APPEAL by the plaintiff, Sady Busacca, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 23d day of April, 1919, granting defendant's motion to set aside a verdict in plaintiff's favor for $1,350, and for a new trial made upon the minutes.

*Louis Oppenheim* of counsel [*J. Arthur Seidman*, attorney], for the appellant.

*Edward P. Mowton* of counsel [*Nadal, Jones & Mowton*, attorneys], for the respondent.

PER CURIAM:

If the evidence of plaintiff's witnesses be believed, there was abundant evidence to sustain this verdict. The plaintiff stood upon the northeast corner of Oliver street and Madison street. A car going west on Madison street had stopped to let off passengers. After the car had started up the plaintiff started to cross the street and was struck by the defendant's automobile.

The plaintiff's evidence is to the effect that the automobile came down Oliver street from the north and swung around into Madison street and was passing along Madison street between the east-bound car track and the southern curb. There was a space there of seven feet only. The evidence is to the effect that plaintiff was struck about three feet from the south line of the east-bound track.

The only evidence in behalf of the defendant is the evidence of the chauffeur himself. He swears that he did not come from Oliver street, but came from the west on Madison street. He saw the standing car and saw the car start up. He might naturally assume that people from the northeast corner would then be coming behind the car, in order to make the crossing which had been held up by this south-bound car. The plaintiff

was required to walk from ten to twelve feet after she had gotten beyond the line of the west-bound car which had stopped and was passing on. In view of the possible danger to persons who would naturally cross the street after that car had passed, we are of opinion that the jury was fully justified in saying that the defendant's chauffeur should have had his car under control sufficiently to have avoided this accident.

The chauffeur swears that the plaintiff ran out from behind the car. Every other witness swears that she walked across the street. There clearly is not such preponderance of evidence in the defendant's favor as to justify the court in disregarding the verdict of the jury, and we are of opinion that the order setting aside the verdict should be reversed, with costs, the verdict reinstated and judgment entered thereupon, with costs.

Present — CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ.

Order reversed, with costs, and verdict reinstated and judgment ordered to be entered thereupon, with costs.